UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSEPH D. MARTIN,           )
                            )
         Plaintiff,         )
                            )   CAUSE NO. 3:16-CV-221 RM
    v.                      )
                            )
PAULINE ANN MICHALOS,       )
                            )
         Defendant.         )

OPINION AND ORDER

Joseph D. Martin, a *pro se* prisoner, filed a complaint pursuant to 42 U.S.C. § 1983 alleging that his family law attorney provided him with deficient representation regarding child support issues pending in Elkhart Circuit/Superior Court. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Martin alleges that his lawyer provided him with poor representation during his child support proceedings. This didn't violate a federal constitutional right and the lawyer was not acting under color of state law. See Polk County v. Dodson, 454 U.S. 312

-1-

(1981) (A criminal defense attorney, even an appointed public defender, does not act under color of state law.) This case presents no federal claim, and so must be dismissed.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, see Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). That is the case situation here: no amendment could make these allegations a constitutional violation, or make the private attorney a state actor.

For the forgoing reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: April 27, 2016.　　　　　　　　/s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　　　　　　Judge
　　　　　　　　　　　　　　　　　　　　United States District Court